**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4779**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

STYE LAMAR COLEMAN,

                Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of North Carolina, at Greenville.  Terrence W. Boyle,
District Judge.  (4:10-cr-00050-BO-1)

Submitted:  March 13, 2012          Decided:  March 15, 2012

Before WILKINSON and FLOYD, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed in part; dismissed in part by unpublished per curiam
opinion.

Deborrah L. Newton, NEWTON LAW, Raleigh, North Carolina, for
Appellant.  Jennifer P. May-Parker, Assistant United States
Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Stye Lamar Coleman pled guilty, with the benefit of a written plea agreement, to conspiring to distribute more than fifty grams of cocaine base and a quantity of cocaine, in violation of 21 U.S.C. § 846 (2006), and possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (2006). The district court sentenced Coleman as a career offender to a total term of 240 months' imprisonment, and, pursuant to the plea agreement, the Government moved to dismiss the remaining six drug and weapons charges pending against Coleman. On appeal, Coleman challenges the sufficiency of a count in the indictment that the court dismissed at sentencing and his classification as a career offender.[*] The Government has moved to dismiss the appeal.

Upon review of the plea agreement and the transcript of the Fed. R. Crim. P. 11 hearing, we conclude Coleman knowingly and voluntarily waived his right to appeal his sentence and that the challenge to the career offender

---

[*] To the extent that Coleman also suggests that his trial counsel did not adequately advise him regarding the sentence he could receive, we decline to consider that claim on direct appeal as the record does not conclusively establish ineffective assistance. Rather, any such claim must be brought in a post-conviction proceeding pursuant to 28 U.S.C. § 2255 (West Supp. 2011). See United States v. King, 119 F.3d 290, 295 (4th Cir. 1997).

2

classification Coleman seeks to raise falls squarely within the scope of his waiver of appellate rights. Accordingly, we grant in part the Government's motion to dismiss and dismiss the appeal of the sentence.

Moving to Coleman's challenge to the sufficiency of the indictment, this claim is not barred by the appellate waiver provision in the plea agreement. Although Coleman asserts for the first time on appeal that he did not have the requisite predicate felony offense to support the now-dismissed felon-in-possession charge, his "failure to raise this argument before trial does not waive it . . . [b]ut . . . restricts our review to plain error." United States v. King, 628 F.3d 693, 699 (4th Cir. 2011). We conclude that there was no error, plain or otherwise, in the indictment.

Accordingly, we grant the Government's motion to dismiss in part and dismiss the appeal of the sentence. We deny the motion to dismiss in part and affirm Coleman's convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART

3